# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| **DELBERT ROYCE HALL, ROSE HALL-JENKINS and SANDY HALL,** ***Plaintiffs*** | § | |
| **v.** | § | **A-23-CV-01477-RP-SH** **A-23-CV-01519-RP-SH** **A-23-CV-01520-RP-SH** |
| **JOHN CRANE, JERRY JONES, ANTOINETTE RILEY and DONNA KEITH,** ***Defendants*** | § | |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Delbert Royce Hall's Notices of Removal (Dkt. 1) and Motions to Proceed *In Forma Pauperis* (Dkt. 2) in the above-styled actions. The District Court referred these cases to this Magistrate Judge for disposition of the Motions and Report and Recommendation as to whether these cases should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman.

## I. Background

Plaintiff Delbert Royce Hall ("Delbert") is attempting to remove three related probate actions pending in Travis County Probate Court No. 1 ("Probate Court") to federal court. *See In the Estate of Donald Alfred Hall*, No. C-1-PB-06-085239 (Prob. Ct. No. 1, Travis County, Tex. July 24, 2006) ("*Donald Action*"); *In the Guardianship of Rose Jenkins*, No. C-1-PB-16-001981 (Prob. Ct. No. 1, Travis County, Tex. Dec. 16, 2016) ("*Rose Action*"); *In the Estate of Malcolm Erwin Hall*,

No. C-1-PB-17-000634 (Prob. Ct. No. 1, Travis County, Tex. March 30, 2017) ("*Malcolm Action*").[1]

**A. The Probate Proceedings**

Delbert's father, Donald Alfred Hall ("Donald), died on January 12, 2006. Dkt. 6 at 66. Delbert's half-sister, Donna Hall Keith, was appointed the executor of the estate of Donald Alfred Hall. *Id.* at 30.

Delbert's brother, Malcolm Erwin Hall ("Malcolm"), died intestate on October 2, 2016 in Austin, Texas. Dkt. 6 at 45. At the time of his death, Malcolm, Malcolm and Delbert's mother, Rose Jenkins ("Rose"), and Rose's caretaker, Edith Fontenot, resided in Malcolm's house. *See* Application for TRO in the *Malcolm Action* at 10/10/23. On December 16, 2016, Delbert filed an application in the Probate Court to be appointed Rose's guardian based on her alleged incapacity to take care of herself and make decisions about her residence. *Rose Action* at 12/16/2016. The Probate Court denied Delbert's application and instead appointed Jerry Frank Jones as Rose's Guardian and Attorney Ad Litem. *Id.* at 12/20/16.

On March 30, 2017, Rose filed an Application to Determine Heirship of Malcolm's estate in the *Malcolm Action.* Dkt. 6 at 99. In the Application, Rose claimed to be "the owner of all or a part of" Malcolm's estate and listed Delbert and Delbert's half-sisters—Donna Hall Keith, Janne Hall, Kathy Byrd, and Sandy Hall—as partial heirs. *Id.* On October 24, 2018, Jones filed an Amended Application to Determine Heirship and requested that John Crane be appointed administrator of

[1] Delbert has attached some filings and Probate Court orders to his Notice of Removal in A-23-CV-01477-RP-SH at Dkt. 6 (hereinafter, "Dkt. 6"). The Court takes judicial notice of other filings and orders not submitted to the Court under Federal Rule of Evidence 201. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (taking judicial notice of federal court proceedings as matter of public record); *see also Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (holding that district court may take judicial notice of state court docket). The Probate Court docket contains only dates and not docket numbers.

Malcolm's estate. Dkt. 6 at 45. The Probate Court granted Jones' motion and appointed John Crane as the Administrator of Malcom's estate. *Id.* at 5. The Probate Court has since approved the Administrator's Annual Accounts and various distributions of Malcolm's estate. *Id.* at 6.

Delbert has filed motions challenging the Probate Court's rulings as to appointments and distributions, and claims that Malcolm had a written will which left his entire estate to Delbert. *Malcolm Action* at 1/29/20. The Probate Court has overruled Delbert's motions and entered a Temporary Restraining Order against him to prevent him from interfering with the distribution of Malcolm's estate. *Id.* at 10/24/23.

**B. The Attempted Removals**

Delbert has filed Notices of Removal/Complaints in all three Probate Actions attempting to remove those actions to this Court under the general removal statute, 28 U.S.C. § 1441(a).[2] In his Notices of Removal/Complaints, Delbert alleges that he "is heir to all three Probate Cases: Donald Hall Estate, Malcolm Hall Estate and Rose Hall-Jenkins Guardianship" and seeks a permanent injunction against Jones, Crane, his half-sister Doanna Hall Keith, and Antoinette Riley, Rose's Power of Attorney (collectively, "Defendants"). Dkt. 1 in A-23-CV-01477-RP-SH. Delbert alleges that Defendants "engaged in a conspiracy to obstruct justice, deprivation of rights and conspiracy against rights to not recognize Rose Hall-Jenkins 1994 Handwritten Will." *Id.* at 3-4. Delbert asks the Court to remove Defendants as executors, administrators, and attorneys ad litem of the various estates and guardianship and enter a permanent injunction "for the partition, declaratory judgment and distribution" of the estates in favor of Delbert. *Id.* at 3.

[2] While Delbert lists Rose and Sandy Hall as co-plaintiffs, they have not signed the Notices of Removal or any pleadings.

## II. Application to Proceed *In Forma Pauperis*

After reviewing Delbert's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court hereby **GRANTS** Delbert Royce Hall *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Delbert is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court after this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a § 1915(e) review of the claims in the Complaint and recommends that this case should be dismissed and remanded to the Probate Court. Therefore, service on Defendants should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, service should be issued on Defendants at that time.

## III. Section 1915(e)(2) Frivolousness Review

Because Delbert has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Notices of Removal/Complaints under the *in forma pauperis* statute, 28 U.S.C. § 1915.

### A. 28 U.S. C. § 1915

The *in forma pauperis* statute is designed to ensure that "indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating that he cannot pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1).

"Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke*, 490 U.S. at 324. To prevent such abusive litigation, § 1915(e) authorizes federal courts to dismiss a claim filed *in forma pauperis* "at any time" if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324. "District courts are vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. The Notices of Removal Are Procedurally Defective.**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.

Besides granting federal courts jurisdiction over certain cases, Congress has enacted provisions that permit certain parties to remove cases originally filed in state court to federal court. The removing party must bear the burden of showing that removal is proper and any "doubts regarding

whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

Relevant here, Sections 1441(a) and 1446(a) of Title 28 authorize only state court "defendants" to remove cases to federal court.[3]

> The federal courts have strictly interpreted these limitations, often speaking of the right to remove as being limited to "true" defendants. Thus, plaintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them. Nor can third-party defendants brought into the state action by the original defendant exercise the right to remove claims to the federal court, a point the Supreme Court affirmed most recently in *Home Depot USA, Inc. v. Jackson*.

14C MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE (WRIGHT & MILLER) § 3730 (4th ed. April 2023 Update). In *Home Depot*, 139 S. Ct. 1743 (2019), the Court clarified that "because the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint, not a party named in a counterclaim." *Id.* at 1748 (quoting § 1441(a)).

Delbert attempts to remove these Probate Actions to federal court under Section 1441(a) based on federal question jurisdiction. Delbert's attempted removals are procedurally defective because he cannot be considered the defendant in these actions as he is the party seeking affirmative relief against the estates and is seeking review of the Probate Court's rulings. *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 582 (1954) (holding that railroad company was considered the plaintiff under Section 1441(a) and not authorized to remove case to federal court where it was attempting

[3] *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."); 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ."); *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) ("The law is clear that a case filed in state court may be removed to federal court only by 'the defendant or the defendants.'") (quoting § 1441(a)).

"to review the state [condemnation] proceedings on appeal to the Federal District Court"); *In re Est. of Duane*, 765 F. Supp. 1200, 1201 (S.D.N.Y. 1991) (holding that claimant in probate action could not remove under Section 1441(a) because he could not be considered the defendant where he had filed and was seeking a claim for pension benefits against the estate); *Spragins' Est. v. Citizens Nat. Bank of Evansville*, 563 F. Supp. 424, 438 (N.D. Miss. 1983) (holding that bank was not a defendant under 1441(a) where it had filed a claim against the estate and was the party seeking to enforce alleged contractual rights against the estate). Accordingly, Delbert's removals are procedurally defective and legally frivolous.[4]

Even if these Probate Actions were properly removed, this Court lacks subject matter jurisdiction over them. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). This Court has no jurisdiction to consider Delbert's collateral attacks on the Probate Court's orders. *See Hill v. Washburne*, 953 F.3d 296, 306 (5th Cir. 2020) (finding plaintiff's request to have state probate court issue a new order barred under *Rooker-Feldman* doctrine); *Liverman v. Office of Prob. Clerk of Upton Cty.*, No. 7:18-CV-00141-DC-RCG, 2019 WL 886015, at *2 (W.D. Tex. Jan. 25, 2019) (holding that the court did not have jurisdiction to review plaintiff's challenge to probate court's rulings under the *Rooker-Feldman* doctrine), *R. & R. adopted*, No. 18-CV-141-DC, 2019 WL 856413 (W.D. Tex. Feb. 17, 2019).

That Delbert invokes the Constitution does not save his suit from dismissal under this doctrine. When a civil rights suit is "inextricably intertwined" with a state-court judgment such that the suit

---

[4] Even if Delbert was considered the defendant, his Notice of Removal would be procedurally defective because his co-plaintiffs did not consent to the removal of the action. *See* 28 U.S.C. § 1446(b)(2(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

is, essentially, an attack on that judgment, district courts lack original jurisdiction over the suit. *Liedtke*, 18 F.3d at 317 n.11 (collecting cases). Whether Delbert was deprived of any rights depends solely on the legal issues already ruled on by the Probate Court. For the Court to find in his favor, it would have to contradict the Probate Court's rulings and judgments. Delbert's lawsuit is "inextricably intertwined" with those judgments, and the Court lacks jurisdiction to hear this suit. *See Phinizy v. State of Ala.*, 847 F.2d 282, 282 (5th Cir. 1988) (holding that federal district court did not have subject-matter jurisdiction to review plaintiff's complaint challenging probate order, and plaintiff's attempt to obtain reversal of the probate court's judgment simply by casting her complaint as a federal civil rights action failed).

Because Delbert's Notices of Removal are defective and frivolous and the Court is otherwise without subject matter jurisdiction over this matter, the Notices of Removal should be dismissed as frivolous under 28 U.S.C. § 1915(e) and these cases should be remanded to the Probate Court. *See Alcoser v. Ford*, No. 21-50626, 2022 WL 4078564, at *2 (5th Cir. Sept. 6, 2022) ("Because this 'notice of removal' was frivolous, the district court should have expressly dismissed it under its 28 U.S.C. § 1915(e) analysis."), *cert. denied*, 143 S. Ct. 752 (2023) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)); *View at Encino Commons v. Ankhamen*, No. SA-18-CV-0750-XR, 2018 WL 7286488, at *2 (W.D. Tex. Aug. 1, 2018) (recommending dismissal of notice of removal as frivolous under § 1915(e)).

## IV. Order

The Court **GRANTS** Delbert Royce Hall's Motions to Proceed *In Forma Pauperis* (Dkt. 2 in 1:23-cv-01477-RP-SH, 1:23-cv-01519-RP-SH, and 1:23-cv-01520-RP-SH).

## V. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Delbert Royce Hall's Notices of Removal in the above-styled actions as frivolous under 28 U.S.C. § 1915(e)(2) and **REMAND** the actions to Travis County Probate Court No. 1.

It is **ORDERED** that the Clerk **REMOVE** these three cases from this Magistrate Judge's docket and **RETURN** them to the docket of the Honorable Robert Pitman.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 2, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE